UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-06388-CAS-PDx | Date | July 30, 2026 |
| Title | Bun Lour v. United States Department of Homeland Security et al. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) PLAINTIFFS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. 5, filed June 11, 2026)

## I. INTRODUCTION

On June 11, 2026, plaintiff Bun Thavy Lour ("plaintiff"), by and through his counsel, filed a complaint against defendants the United States Department of Homeland Security ("DHS"), United States Customs and Border Protection ("CBP"), and the United States of America, (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff asserts five claims for relief: (1) arbitrary and capricious agency action in violation of 5 U.S.C. § 706(2)(A) of the Administrative Procedure Act ("APA"); (2) misapplication of the Immigration and Nationality Act ("INA") § 274D in violation of 5 U.S.C. § 706(2)(A), (C) of the APA; (3) failure to observe 8 C.F.R. § 281.1 in violation of 5 U.S.C. § 706(2)(D) of the APA; (4) violation of the Due Process Clause of the Fifth Amendment of the U.S. Constitution; and (5) imposition of excessive fines in violation of the Eighth Amendment of the U.S. Constitution. Id. ¶¶ 78-127.

Concurrently with the complaint, plaintiff filed an *ex parte* application for a temporary restraining order. Dkt. 5 ("App."). Plaintiff asks the Court to issue a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, temporarily restraining defendants and all persons acting in concert with them from collecting, attempting to collect, referring, assigning, offsetting, reporting, enforcing, or otherwise acting upon the $1,820,352.00 civil monetary penalty assessed against him

under Penalty Tracking Number C260059431 pending further order of the Court. App. at 18.

On June 26, 2026, plaintiff filed a "Proof of Service" as to all defendants. Dkt. 11. The proof of service consists of a declaration by Benjamin Caleb Juarez that he placed the issued summons and complaint in sealed envelopes and deposited them with United States Postal Service by Certified Mail to: (1) the United States Attorney's Office for the Central District of California, (2) the Attorney General of the United States, (3) DHS, and (4) CBP. Id. at 2-3. The declaration includes tracking numbers of the four certified mailings. Id.

## II. DISCUSSION

The purpose of a temporary restraining order is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). A court may issue a temporary restraining order without notice to the adverse parties or its attorney only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1) (emphasis added). The Ninth Circuit has explained that "the circumstances justifying the issuance of an ex parte [temporary restraining] order are extremely limited." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing Granny Goose, 415 U.S. at 438–39). These stringent restrictions "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before a reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose, 415 U.S. at 438–39.

An *ex parte* temporary restraining order "may be appropriate 'where notice to the adverse party is impossible either because the identity of an adverse party is unknown or because a known party cannot be located in time for a hearing.'" Reno Air Racing, 452 F.3d at 1131 (quoting Am. Can Co. v. Mansukhani, 742 F.3d 314, 322 (7th Cir. 1984)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL 'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-06388-CAS-PDx | Date | July 30, 2026 |
| Title | Bun Lour v. United States Department of Homeland Security et al. | | |

But "[i]n cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." Id. (internal quotation marks omitted).

Plaintiff's *ex parte* application has not sufficiently explained why proof of actual notice or proper service to defendants should not be required. Therefore, under Federal Rule of Civil Procedure 65, the Court cannot issue a temporary restraining order on an *ex parte* basis. See, e.g., Kerr v. Am. Home Mortg. Serv. Inc., No. 10-cv-1612-BEN, 2010 WL 3033793, at *1 (S.D. Cal. Aug. 3, 2010) (denying motion for a temporary restraining order where plaintiff failed to "certif[y] in writing any efforts to give notice . . . or reasons why notice should not be required").

It appears from plaintiff's proof of service that he has not properly served the defendants in this matter. To serve the United States and its agencies, corporations, officers, or employees, a party must (a) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" or "send a copy of [the summons and complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office;" *and* (b) "send a copy of [the summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington D.C.;" *and* (c) "if the action challenges an order of a nonparty agency or officer of the United States, send a copy of [the summons and complaint] by registered or certified mail to the agency or officer if the action challenges an order of a nonparty agency or officer. Fed. R. Civ. P. 4(i)(1).

As of July 30, 2026, the tracking information that plaintiff provided for his certified mailing to the Attorney General of the United States shows that the mail is "On the Way," and has not yet been delivered. See Dkt. 11 at 2 ("USPS Certified Mail Tracking No.: 9589 0710 5270 2625 1740 95"). Thus, the proof of service does not show that defendants were properly served as required under Rule 4(i)(1) of the Federal Rules of Civil Procedure. See 1 Moore's Federal Practice - Civil § 4.55 (2026) ("The rule unambiguously requires the use of registered or certified mail, so other types of mail are insufficient. Regardless of which form of mail is used, the Attorney General or an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| Case No. | 2:26-cv-06388-CAS-PDx | Date | July 30, 2026 |
|---|---|---|---|
| Title | Bun Lour v. United States Department of Homeland Security et al. | | |

authorized agent must sign the return receipt that accompanies the mailing; when no signature is obtained, service on the Attorney General is ineffective."); see also Olsen v. Mapes, 333 F.3d 1199, 1202, 1204-05 (10th Cir. 2003) (agreeing with district court that service was not perfected under Rule 4(i)(1) in part because of unsigned return receipts); Fuqua v. Turner, 996 F.3d 1140, 1155 (11th Cir. 2021) ("Service by certified mail therefore requires the addressee or his authorized agent to sign the return receipt.").

Accordingly, the Court **DENIES** plaintiff's *ex parte* application without prejudice to plaintiff filing a renewed application for a temporary restraining order upon proper service of defendants or with a sufficient explanation for why proper service should not be required.

## III. CONCLUSION

In accordance with the foregoing, plaintiff's *ex parte* application is **DENIED** without prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | CMJ | | |